(January 3, 1925.)

## M. H. KELTNER, Respondent, v. W. H. BUNDY, Appellant.

### [233 Pac. 516.]

LEASE—ORAL EXTENSION—INSUFFICIENCY OF EVIDENCE—APPEAL AND ERROR—NONSUIT—ASSIGNMENT OF ERROR INSUFFICIENT.

1. An order of the trial court denying a motion for nonsuit will not be reviewed on appeal where subsequent to the making of the motion evidence is offered by and admitted on behalf of the party who made the motion.

2.   A specification that the trial court erred in refusing to enter judgment for defendant and in entering judgment for plaintiff is insufficient and presents no question to this court for review.

3.   The statement of a lessor of farm lands for a term of two years that he would give the lessee a chance at getting the land for another year if he did not sell it does not constitute an extension of the term of the lease.

4.   A judgment of the trial court will be reversed where there is no substantial evidence to sustain it.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to recover for work and labor performed. Judgment for plaintiff. *Reversed.*

Cox & Martin, for Appellant.

The evidence is insufficient to sustain the verdict. (24 Cyc. 990; 16 R. C. L., p. 886, par. 390; *Knight Light Co. v. Farley,* 192 Ill. 611.)

Where the evidence is insufficient the judgment must be reversed. (*Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

A clause in a lease which is manifestly of temporary application only will not be construed to apply to a renewal or extension without specific testimony that that was the intention of the parties. (16 R. C. L., p. 890, par. 393; *Wood v. Edison Electrical Ill. Co.,* 184 Mass. 523, 69 N. E. 364; *Hill v. Beatty,* 61 Cal. 292; *Powers v. Cope,* 93 Ga. 248, 18 S. E. 815; *Slack v. Knox,* 213 Ill. 190, 72 N. E. 746, 68 L. R. A. 606.)

Fred E. Butler and Edward C. Butler, for Respondent.

No motion for new trial was made specifying wherein the evidence was insufficient to justify the decision as required by C. S., sec. 6888, and this court will not review on an ap-

peal from a judgment only the question of whether or not the evidence was sufficient to sustain the decision. (C. S., sec. 7170; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848.)

"Any error in denying a motion for nonsuit is waived by the subsequent introduction of testimony on behalf of the defendant." (*Rippetoe v. Feeley,* 20 Ida. 619, 119 Pac. 465.)

The particularities of the insufficiency should have been pointed out at the trial so as to give opportunity of removal of the objection. Failing in that the decision will be sustained. (*Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925.)

WM. E. LEE, J.—This is an action to recover for work and labor performed under a lease of certain farm lands. Appellant, a land owner, had leased to respondent's assignor 320 acres of farm land from October 1, 1919, to October 1, 1921. The lease contained the following provision:

"It is understood and agreed that this lease is made subject to the sale of the said premises at any time; said second party agreeing that in case of sale before he has done any plowing on said tract he will give immediate and peaceful possession thereof, upon ten days written notice, but if he shall have done plowing, harrowing, disking, or other farm work, he will give such possession upon the payment of the sum of Four Dollars per acre for such land as he shall have plowed, provided that spring plowing shall have been plowed not less than six inches deep and fall plowing or summer fallow plowing not less than seven inches deep; One Dollar per acre for all land that he shall have seeded; Fifty Cents per acre for each harrowing that he shall have done on the land; Seventy-five cents per acre for the disking, that he shall have done on the land; Fifty-cents per acre for the thorough weeding by horse weeder, that shall have been done upon the land; Two Dollars Fifty Cents per bushel for all grain that shall have been used by said first party in seeding said land."

Before the expiration of the term of the lease appellant sold the land and respondent surrendered possession. At the time respondent surrendered possession it is alleged that he had plowed, harrowed, disked, etc., 87 acres of the land, for which he demanded $610.75. Appellant answered, denying the allegations of the complaint. The cause was tried to the court without a jury, findings of fact and conclusions of law were waived, and judgment was rendered in favor of respondent in the sum of $685, together with costs. The assignments of error will be considered in order.

The first error assigned is that the court erred in denying appellant's motion for nonsuit at the close of all the evidence and this court has held that where a defendant makes a motion for nonsuit, which is denied, and subsequently adduces evidence in the cause, the order of the trial court denying the motion for nonsuit is not reviewable on appeal. (*Groefsema v. Mountain Home Co-op. Irr. Co.,* 33 Ida. 86; 190 Pac. 356; *Stewart v. Stewart,* 32 Ida. 180, 180 Pac. 165; *Palcher v. Oregon Short Line Railroad Co.,* 31 Ida. 93, 169 Pac. 298; *Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Shields v. Johnson,* 12 Ida. 329, 85 Pac. 972.)

Appellant contends that the "court erred in refusing to enter judgment for defendant and in entering judgment for plaintiff." The assignment is not sufficiently specific, and presents no question to this court for review. (*Bain v. Olsen,* 39 Ida. 170, 226 Pac. 668; *Carolina v. Montgomery,* 74 Okl. 121, 177 Pac. 612; *Nelson v. Reynolds,* 59 Okl. 168, 158 Pac. 301; *Connely v. Adams,* 52 Okl. 382, 152 Pac. 607.)

The third assignment is that the evidence is insufficient to sustain the judgment; and the alleged insufficiency is pointed out. This is the only assignment of error discussed to any extent in the briefs. Respondent filed his original complaint basing his right of recovery on a promise of appellant to pay for work done in 1921, but after service of a motion directed to the complaint, respondent filed an amended complaint alleging an oral extension of the written lease. The parties in the trial of the cause took the position that the

cause turned upon whether there was a valid extension of the term of the lease, it being the theory that, if the lease was extended, the terms of payment for the services, for which the action was brought, were determined in the lease. We will, therefore, consider whether there is sufficient evidence of a valid extension of the written lease for another year, there being no controversy with respect to the work done or the sum to be paid for the work.

The lease contained neither option nor provision for an extension. Its term began October 1, 1919, and ended October 1, 1921, thus extending over the crop seasons of 1920 and 1921. It contained the provision hereinbefore quoted that the lessee would surrender the premises at any time a sale thereof was made, upon payment by the lessor of the agreed price for plowing, harrowing, disking, etc. The provision for paying for any plowing, harrowing, disking, etc., that the tenant might have done, in case of sale, was necessarily limited to such plowing, harrowing, disking, etc., that the tenant might have done in preparation for the raising of crops during either of the two crop seasons contemplated, to wit: 1920 and 1921. There was no plowed ground on the land when respondent acquired his leasehold and there was no provision in the lease that any part of the premises should be plowed upon the expiration of the term of the lease. Had respondent grown a crop on this land during the crop season of 1921, and had plowed, harrowed, disked, etc., the land after the harvest of 1921, he would not have been entitled, under the lease, to pay for such work done by him after he had harvested the crop in 1921. The lease contained a provision giving respondent the option of summer-fallowing the land during the crop season of 1920. However, he grew a crop on the land during the season of 1920. The lease contained no provision for summer-fallowing the land during the crop season of 1921. The testimony showed that the 87 acres was in summer-fallow during the crop season of 1921 and that no crop was raised thereon during that crop season. It is apparent, therefore, that in order to recover for the plowing, harrowing, disking, etc.,

that respondent performed on this 87 acres, it was necessary for him to allege and prove that there was an extension of the term of the lease. For this reason our inquiry with respect to the sufficiency of the evidence to sustain the judgment is confined to evidence relating to the alleged oral extension of the term of the written lease. On this question the evidence is very brief. Respondent testified that: "And he [appellant] says: 'I am well pleased; I am well pleased with the way the land has been handled.' and I says: 'What is the chance of my getting the land for another year? *And he says: 'I will give you a chance if I don't sell it, but I want to sell it if I can.'* "

Giving the statement testified to have been made by appellant, "I will give you a chance if I don't sell it, but I want to sell it if I can," a construction most favorable to respondent, and not taking into consideration the fact that appellant denied ever having made it, the statement is plainly not sufficient to constitute an extension of the term of the lease for another year. The lease, as well as the testimony of the parties, shows that appellant was anxious to sell the farm. At most, appellant promised to give respondent a *chance* to rent the place an additional year. Respondent was not justified in assuming from this language that he could have the place for another year; he could only assume that, in the event appellant did not sell the farm, his expressed desire to rent the farm for another year would be considered by appellant. Had the farm not been sold before the expiration of the term of the lease, respondent could not have required appellant to lease the land to him for another year.

Respondent contends that at some time during the tenancy, he asked appellant about "running a fence across here and fencing that off, and putting the stock in there in 1921 and summer-fallowing the ground. And he says: 'I believe that will be a good scheme.' He says: 'Go ahead and put it in.' " Conceding for the purpose of argument that appellant thereby made himself liable to pay for such summer-fallow, it is not evidence of an extension of the lease. And it is a

recovery under the terms of the lease that respondent sought in his amended complaint.

Respondent insists that his testimony, relating to an oral extension of the lease, is corroborated by the testimony of appellant, who admitted that he requested respondent to come to Lewiston so that they could "adjust matters" and explained that the term "adjust matters" meant that respondent owed him something for his failure to grow a crop and that he owed respondent something for summer-fallowing. This testimony does not tend to establish an oral extension of the lease. It does show that appellant felt that he owed respondent something for having summer-fallowed the 87 acres during 1921, but it does not establish or tend to establish the fact that there was an oral extension of the lease that would justify a judgment for plowing, harrowing, disking, etc., under and at prices fixed in the lease. And while, in good conscience, appellant might well have paid respondent for summer-fallowing the 87 acres, which is doubtless what moved the court to enter judgment for respondent, however, the action is upon an express contract, the lease, and respondent was not entitled to recover on such express contract unless he could prove that the lease was extended to include another year. This requirement he did not meet.

We are bound by the theory of the case set forth in the amended complaint, and having decided that the evidence is not sufficient to sustain the judgment, we must reverse it.

Reversed. Costs to appellant.

McCarthy, C. J., Budge and William A. Lee, JJ., concur.

(March 2, 1925.)

ON PETITION TO MODIFY THE JUDGMENT.

WM. E. LEE, J.—Respondent petitions that the judgment be so modified as to remand the cause for further proceedings and direct that the cause be tried on the original complaint.

Respondent, according to the only record before us, filed his complaint. Appellant interposed a motion to require respondent "to make his complaint more definite, certain and particular" with respect to a number of allegations. The court took no action on the motion and, in no manner, according to the record, held that the complaint was in any manner objectionable. Respondent then filed an amended complaint on which the cause was tried. Under these circumstances we could not direct the trial court to try out the issues raised in the original complaint. We cannot now say whether respondent has mistaken his remedy, and can bring himself within the rule announced in *Boise Development Co., Ltd., v. Boise City,* 30 Ida. 675, 167 Pac. 1032. Petition for modification denied.

William A. Lee, C. J., and Budge, J., concur.