(No. 5290. October 24, 1929.)

In the Matter of the Estate of R. R. SKINNER, Deceased. HILDA SKINNER FOSTER, Respondent, v. SARAH SKINNER, Appellant.

[282 Pac. 90.]

Wm. P. Hemminger, for Appellant.

Otto E. McCutcheon, for Respondent.

T. BAILEY LEE, J.—Hilda Skinner, widow and administratrix of the estate of R. R. Skinner, deceased, filed her final account and petition for distribution in the probate court of Jefferson county. Objections to said petitions were

filed by E. G. Skinner and Sarah Skinner, deceased's father and mother, who claimed that certain of the estate consisted of separate property in which as heirs they were entitled to share. Hearing was had, and on May 31, 1927, the probate judge filed an order declaring a part of the estate to be community property and the remainder the separate property of the deceased. A decree of distribution in consonance therewith was made and entered August 30th following; and the widow, in the meantime having remarried, appealed both as administratrix and in her own right. Motion was made upon statutory grounds to dismiss both appeals. The appeal as administratrix was dismissed, but the motion to dismiss the individual appeal was denied.

Trial *de novo* resulted in a judgment in the then appellant's favor; and from such judgment the then respondent, Sarah Skinner, has appealed. She first complains that the court erred in denying her motion to dismiss her adversary's appeal, insisting that it was not perfected within the statutory time. The appeal was taken September 15, 1927, from the decree of August 30th. Appellant contends that the appeal should have been taken from the order of May 31st, declaring the nature of the property. Such so-called "order" was not appealable. (C. S., sec. 7173; amd. chap. 68, Laws 1927.)

At the trial on March 6th, appellant's counsel sought to introduce in evidence certified copies of certain deeds, without proffering excuse for failure to produce the originals or the official records thereof. Such copies being by the court rejected, counsel moved for a continuance to enable him to take the deposition of appellant at Clarence, Missouri, showing that she did not have possession of the originals. At the time, counsel stated in open court that, should his motion be denied, he would have "no further testimony to offer." Both sides were given until March 10 to make showings and counter showings. On that day, the court after considering the respective showings made, denied the motion.

Relying upon counsel's statement that he would have no further proof, the court had advised respondent to return

to her home at Dillon, Montana. But, his motion denied, counsel announced his desire to proceed: whereupon, the court imposed as terms certain payments approximating $213, and fixed trial day for March 16th at Rigby, Idaho. On that day counsel informed the court that his client had refused to comply with the terms imposed. The court thereupon gave judgment as aforesaid. Appellant contends that the court erred in not granting the continuance denied on March 10th. A review of the showings made discloses no abuse of discretion. Two other specifications of error have to do with the alleged arbitrary imposition of terms and their exorbitance. Suffice it to say: It does not appear, nor does appellant contend that by reason of the directed payments her cause was in any manner prejudiced. She made no payments; and the judgment appealed from mentioned them not at all. Finally, it is urged that "the Court erred in rendering judgment in favor of the appellant," doubtless referring to respondent. Many a time and oft, this specification has been declared by this court to be insufficient. (*Keltner v. Bundy*, 40 Ida. 402, 233 Pac. 516.)

Judgment affirmed, costs to respondent.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.