(Nos. 5327, 5328. November 5, 1929.)

OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Respondent, v. ETHOL BALLANTYNE, as Treasurer and *Ex-officio* Tax Collector of Jefferson County, Idaho, JEFFERSON COUNTY, a Municipal Corporation of the State of Idaho, and FREMONT COUNTY HIGHWAY DISTRICT No. 1, in Jefferson County, Idaho, a *Quasi-*Municipal Corporation, Appellants.

[282 Pac. 80.]

Ralph L. Albaugh and F. A. McCall, for Appellants, cite no authorities on points decided.

Geo. H. Smith, H. B. Thompson and L. H. Anderson, for Respondent.

VARIAN, J.—For many years prior to October 11, 1926, two highway districts lay adjoining each other in Jefferson county: Fremont County Highway District No. 1 (hereinafter referred to as Fremont District), and Camas-Monteview Highway District (hereinafter referred to as Camas-Monteview District). On that day, certain qualified residents of a part of the Fremont District adjoining the Camas-Monteview District petitioned the board of county commissioners for the organization of a new highway district, to be carved out of the Fremont District and to be known as Mud

Lake Highway District. The county commissioners adopted a resolution ordering a special election to determine whether the new district should be organized, but in the resolution, instead of describing the lands mentioned in the petition, they described those lands and also all the territory of the adjacent Camas-Monteview District. An election held pursuant to the resolution carried in the affirmative. On December 6, 1926, the county commissioners, by order, declared the Mud Lake District organized, but the order again described the lands mentioned in the original petition for the new district and also all the territory of the Camas-Monteview District. It may be noticed here that no irregularity in this proceeding for the creation of the Mud Lake District is called to our attention except the faulty description of the territory in the resolution and order of the board of county commissioners.

The Governor appointed commissioners for the new Mud Lake District, who accepted the appointments, organized as a board, and appointed a chairman, but never executed or filed oaths of office or official bonds as required by law; the district never levied or collected any taxes, nor did any work on its roads.

The 1927 session of the legislature, by House Bill No. 348 (Local and Special Laws, 1927, chap. 89, p. 423), validated the organization of the new Mud Lake District, including the lands of the Camas-Monteview District; by House Bill No. 347 (Local and Special Laws, 1927, chap. 88, p. 419), validated the organization of the Camas-Monteview District; and, by House Bill No. 465 (Local and Special Laws, 1927, chap. 115, p. 535), validated the organization of the Fremont District, including the territory cut off from the Fremont District and included in the new Mud Lake District. All of these acts were approved on the same day, March 15, 1927. In addition, the legislature passed a general curative act (Sess. Laws 1927, chap. 5) which validated the creation of all then existing highway districts (section 1).

On September 27, 1927, a petition was filed with the board of county commissioners, praying that the Mud Lake Dis-

trict be disorganized, and after a hearing, the commissioners, on October 5, 1927, made an order disorganizing the district. The Mud Lake District was described, both in the petition and order, as including the lands of the Camas-Monteview District. Otherwise, it appears that the proceedings for disorganization were in all respects regular.

. On October 6, 1927, the board of commissioners of the Fremont District ordered a special election to determine whether the territory formerly embraced within the Mud Lake District, including the territory of the Camas-Monteview District, should be annexed to the Fremont District. Notice of such election was published, the election held, and resulted favorably to annexation. On October 25, 1927, the commissioners of the Fremont District made an order by which it was decreed that the territory formerly embraced within the Mud Lake District, exclusive of that lying within the limits of the Camas-Monteview District, be annexed to the Fremont District.

This attempted annexation, or reannexation, was not in compliance with the law in force at the time (Sess. Laws 1927, chap. 252, p. 418), in that the petition here was addressed to the commissioners of the Fremont District instead of to the county commissioners, and the result was determined by special election instead of by notice and hearing followed by election, as the statute directed. Besides, the order directing the election described the territory to be annexed as including that of the Camas-Monteview District, although the order declaring the annexation did not.

Thereafter, the board of commissioners of Fremont District made certain tax levies for 1927 upon the lands within the district, including the tax levies in question, which were levied on the property of respondent lying within the limits of the former Mud Lake District exclusive of the territory comprising the Camas-Monteview District. These levies were by the county auditor and assessor extended on the tax-rolls of Jefferson county.

On December 21, 1927, plaintiff paid to the county treasurer and tax collector the first half of the 1927 taxes, but

protested as to the part sought to be recovered here, because levied by Fremont District on lands not lying within its boundaries. On June 22, 1928, the second half of the 1927 taxes was paid under like protest. Two actions were later instituted, one to recover $1,294.76, the first half, the other to recover $1,294.75, the second half, of this portion of said taxes. The facts were stipulated, and the cases were submitted to the court without a jury. Judgments were rendered for plaintiff in both actions. Defendants appeal, and the two appeals, involving identical questions, are consolidated.

■ The first assignment of error is that the court erred in overruling the demurrer to the complaint. A careful search of the record in both cases fails to show that any action was taken on the demurrers. The question is therefore not before us. (*Glavin v. Salmon River Canal Co.*, 39 Ida. 3 (15), 226 Pac. 739; *Merrill v. Fremont Abstract Co.*, 39 Ida. 238 (242), 227 Pac. 34.)

■ ■ Appellants contend that the complaint presents no issuable facts upon which a judgment can be based, and that the allegations are mere conclusions; that it cannot be determined from the facts pleaded whether the Mud Lake Highway District is within or without the boundaries of appellant highway district; and that it cannot be ascertained from the complaint, except from the conclusions of the pleader, whether respondent's property is situate within or without the boundaries of said appellant highway district. Appellants answered, setting up the facts upon which the so-called conclusions in the complaint are based. These defects in the complaint are therefore cured by the answer, and cannot be urged on appeal. (*Ludwig v. Ellis*, 22 Ida. 475, 126 Pac. 769; *Bell v. Stadler*, 31 Ida. 568, 174 Pac. 129; *Hindman v. Oregon Short Line R. R. Co.*, 32 Ida. 133, 178 Pac. 837. See, also, *Ackley v. Maggi*, 86 Cal. App. 631, 261 Pac. 311.) Again, the facts were stipulated, and such agreement generally waives all objection to the pleadings which might have been cured by amendment. (31 Cyc., p. 724; *Willard v. Wood*, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. ed.

210; *Saltonstall v. Russell*, 152 U. S. 628, 14 Sup. Ct. 733, 38 L. ed. 576; *Peters v. Farmers' State Bank*, 106 Kan. 1, 8 A. L. R. 1170 (1172), 185 Pac. 892; *Pillsbury v. Brown*, 82 Me. 450, 19 Atl. 858, 9 L. R. A. 94; *Powell v. Crittenden*, 57 Okl. 1, 156 Pac. 661; *McGrath v. Rorem*, 123 Okl. 163, 252 Pac. 418; *Quel v. Goldstein,* 120 Misc. Rep. 384, 198 N. Y. Supp. 586.)

The second and last assignment of error is that ''the court erred in rendering judgment in favor of the plaintiff and against the defendants.'' This assignment is not sufficiently specific under rule 40 of this court, and presents no question for review here. (*Bain v. Olsen*, 39 Ida. 170, 226 Pac. 668; *Keltner v. Bundy*, 40 Ida. 402, 233 Pac. 516; *South Side Live Stock Loan Co. v. Iverson*, 45 Ida. 499, 263 Pac. 481; *Wheeler v. City of Caldwell*, *ante*, p. 77, 279 Pac. 412; *Estate of Skinner*, *ante*, p. 288, 282 Pac. 90 (decided October 24, 1929).

The judgment in each case is therefore affirmed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.