678 P.2d 108

In the Matter of the ESTATE OF S.R. SPENCER, Deceased,

Louise SPENCER and Miriam Spencer, Plaintiffs-Appellants,

v.

IDAHO FIRST NATIONAL BANK, Personal Representative, and Leland Spencer, Janet Spencer King, Alexa Spencer Elkington and Carmen Spencer, Defendants-Respondents.

Nos. 13592, 14402.

Court of Appeals of Idaho.

March 13, 1984.

Lloyd J. Webb, Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiffs-appellants.

Arthur L. Smith, Albaugh, Smith, Pike, Smith & Anderson, Idaho Falls, for defendant-respondent Idaho First Nat. Bank.

C. Timothy Hopkins, Idaho Falls, for Leland Spencer, Janet Spencer King, Alexa Spencer Elkington and Carmen Spencer.

WALTERS, Chief Judge.

We are here concerned with two appeals from orders approving accountings in a decedent's estate. In case no. 13592 Louise and Miriam Spencer (hereinafter the Spencers)—the widow and daughter, respectively, of S.R. Spencer, deceased—appeal from an order of the district court upholding a magistrate's order which approved and settled an interim accounting by the executor of the estate. In case no. 14402, the Spencers appeal from an order of the district court upholding the magistrate's order which approved and settled the final accounting and ordered distribution of the estate. The executor, Idaho First National Bank, is named as a respondent, together with the decedent's son and other daughters, in both appeals. For reasons explained below, we dismiss the appeal in no. 13592, and reverse and remand in case no. 14402.

*Case No. 13592: Appealability of Interim Accounting*

Stanley R. Spencer died in 1960. Since then his estate has been in administration.[1]

---

1. In addition to the two appeals before us, three other suits involving these same parties and concerning assets of the estate have reached the appellate level. *See Spencer v. Spencer,* 91 Idaho 880, 434 P.2d 98 (1967); *Skelton v. Spencer,* 98 Idaho 417, 565 P.2d 1374 (1977), *cert. denied* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); and *Skelton v. Spencer,* 102 Idaho 69,

In July 1975, the magistrate approved an interim accounting over the objections of the Spencers. Because failure to appeal makes an appealable order final, *In re Lundy's Estate*, 79 Idaho 185, 190, 312 P.2d 1028, 1031 (1957), and because of uncertainty whether an order approving an interim accounting in an estate administration is appealable, the Spencers appealed the order approving the interim accounting to the district court. They now appeal from the district court's decision which affirmed the magistrate's order approving that accounting.

■ Whether a magistrate's approval of an interim accounting, in the administration of a decedent's estate, is appealable is a question of first impression in Idaho. *But see In re Lundy's Estate*, 79 Idaho at 193, 312 P.2d at 1032 (questioning, without deciding, the appealability of an interim order denying a petition for distribution, under the former probate code). The right of appeal is statutory. *Villages of Eden and Hazelton v. Idaho Bd. of Highway Directors of Dept. of Highways*, 83 Idaho 554, 367 P.2d 294 (1961); *Striebeck v. Employment Sec. Agency*, 83 Idaho 531, 366 P.2d 589 (1961); *Haines v. State Insurance Fund*, 65 Idaho 450, 145 P.2d 833 (1944). *See also Evans State Bank v. Skeen*, 30 Idaho 703, 167 P. 1165 (1917); *Utah Assn. of Credit Men v. Budge*, 16 Idaho 751, 102 P. 390, *rehearing denied* 16 Idaho 758, 102 P. 691 (1909) (interpreting provisions of the state constitution relating to the right to appeal). Absent a statutory basis for appeal, there is no right to appeal. *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972); *Miller v. Gooding Highway District*, 54 Idaho 154, 30 P.2d 1074 (1934). The Spencers do not state the statutory basis of their appeal from the interim accounting. Such a basis, if any exists, must be found in I.C. § 17–201, or I.C. § 1–2213, as modified by I.R.C.P. 83(a), for appeals from the magistrate division to the district court. I.C. §§ 1–204 and 13–201, and I.A.R. 11, provide for further appeals from the district court to the Supreme Court.

None of these statutes or court rules specifically provides for an appeal from an interim accounting in the administration of a decedent's estate.

■ Idaho Appellate Rule 11(b) allows an appeal "[f]rom any interlocutory or final order, judgment or decree of a district court in a probate proceeding ... which is ... appealable from the magistrates division to the district court by statute or these rules." I.C. § 17–201(6) provides for an appeal, in probate matters, from a magistrate's judgment or order *settling* an account of an executor. I.C. § 15–1–201(42) provides that " 'settlement,' in reference to a decedent's estate, includes *the full process* of administration, distribution *and closing*." (Emphasis added.) "The settlement of an estate consists in its administration by the executor ... so that nothing remains but to make final distribution." BLACK'S LAW DICTIONARY 1231 (rev. 5th ed. 1979). Final settlement of an estate refers to closing the business of the estate and finally discharging the executor from his duties. *Id.* Until the estate is closed, the magistrate may correct, or may allow the executor to correct, the executor's accounts. *See, generally*, 31 Am.Jur.2d *Executors and Administrators* §§ 546, 547 (1967). *See also In re Estate of Irwin*, 99 Idaho 543, 585 P.2d 953 (1978); I.C. §§ 15–3–501, 15–3–1001. We believe that, until the magistrate approves the administration, distribution *and* closing of the estate, the approval of accountings by the magistrate is not ripe for review.

■ We do not entirely deprive any party of a right to have interim accountings reviewed by an appellate court by this decision. We see no impediment to special review of interlocutory orders approving interim accountings by certification under I.R.C.P. 54(b), concerning the appeal from the magistrate division to the district court, and under I.R.C.P. 54(b) or I.A.R. 12 concerning the appeal from the district court to the Supreme Court. However, the appeal before us—from the interim account-

ing—is not by such certification. Also the review of a final judgment allows the review of all interlocutory orders to which an objection (which preserves the issue for review) has been raised. *State, Dept. of Law Enforcement v. One 1955 Willys Jeep,* 100 Idaho 150, 153, 595 P.2d 299, 302 (1979); *Weiser Irrigation District v. Middle Valley Irrigating Ditch Co.,* 28 Idaho 548, 155 P. 484 (1916); *In re Paige's Estate,* 12 Idaho 410, 86 P. 273 (1906). *See also State ex rel. State Bd. of Medicine v. Smith,* 80 Idaho 267, 328 P.2d 581 (1958) *and* I.A.R. 17(e).

Any objections to interim accountings which were timely made on the record would provide a basis for review if the objecting party later appeals from the judgment approving the final accounting and settlement. This allows the magistrate and the personal representative the opportunity to review and correct the accounts until the settlement, which would eliminate the need for appellate review, while preserving the right to appellate review if a party believes that the final settlement is incorrect. We conclude that a judgment or an order approving an interim accounting is not appealable unless certified. *Cf. In re Skinner's Estate,* 48 Idaho 288, 282 P. 90 (1929) (rejecting an assertion that an interim order, determining the character of property—as community or separate—in a decedent's estate, was appealable before a decree of distribution was entered.) We therefore dismiss the appeal from the interim order, case no. 13592.

The Spencers raised objections to the magistrate's approval of the interim accounting. Those objections were sufficient to preserve for review the question whether that approval was appropriate. An order approving the final accounting and directing distribution of the estate has been rendered. The Spencers have appealed from that final order. We believe it is appropriate, therefore, to consider the issues raised by Spencers as they relate to both the interim and the final accounting, in our review of the approval of the final report and account in case no. 14402.

*Case No. 14402: Review of Final Account and Report*

At the hearing on the approval of the interim accounting, the Spencers voiced 12 objections to that report and account. They subsequently raised 127 objections to the final accounting, essentially including also the objections asserted to the interim account.

In response to the objections to the interim accounting, the magistrate simply "overruled" those objections and "found" that the report and accounting was true and correct and ought to be approved. The magistrate then entered an order confirming and approving the interim account and report. No other findings of fact or conclusions of law were entered by the magistrate. Concerning the final account and report, the magistrate determined that four objections raised by the Spencers, relating to the Bank's handling of the assets in the estate, had been considered previously by the court, were subject to res judicata and laches, and should be overruled. The remaining objections were denied "as not having been established by the party having the burden of proof." No other findings of fact or conclusions of law were entered. The final account and report was approved and an award for additional attorney fees was made to the respondent bank.

On appeal the Spencers contend the district court erred in affirming the magistrate's approval of the final account and report under the circumstances of this case. They point to the failure of the magistrate to make findings upon each of the issues raised as to the final account. Particularly, the Spencers focus on the magistrate's failure to make specific determinations concerning: (a) the marshalling of assets of the estate; (b) the character of the property of the estate; (c) the disposition of estate assets; and (d) the investment of estate assets. In addition the Spencers contest the approval and allowance of fees to the executor and to its attorney.

■ As a general rule, if a person interested in an estate wishes to contest an account presented by the executor,

> he must make proper objections .... In adjudicating on an account the personal representative occupies the same status as the plaintiff in an ordinary civil action and the objector ... occupies the same position as the defendant, while the report of the representative and the exceptions thereto stand as the pleadings of the parties and limit the issues to be tried. [34 C.J.S. *Executors and Administrators* § 883 (1942) (footnotes omitted).]

Rule 52(a), I.R.C.P., requires a trial court in all actions tried upon the facts without a jury to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." The rule also provides that "[i]f an opinion or memorandum decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

■ Ordinarily, in reviewing a decision of the district court on appeal from a magistrate, we must determine from the trial court (magistrate) record whether substantial evidence supports the magistrate's findings of fact and whether those findings support the magistrate's conclusions of law. *Nicholls v. Blaser*, 102 Idaho 559, 633 P.2d 1137 (1981); *Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). If so, and if correct legal principles have been applied, then the district court's decision affirming a magistrate's judgment will be upheld. *Id.* Only where the record is so clear as to give the appellate court a complete understanding of the material issues and the basis of the magistrate's reasoning will the absence of findings of fact not result in a remand for adequate findings. *See Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982); *In re Estate of Stibor*, 96 Idaho 162, 525 P.2d 357 (1974).

In *Stibor*, our Supreme Court was presented with a district court's affirmance of a magistrate's refusal to admit a will to probate. The magistrate's decision had been rendered by memorandum opinion, without entry of specific findings of fact and conclusions of law. Reversing the district court, the Supreme Court stated:

> Even though IRCP 52(a) recognizes that findings of fact and conclusions of law may be embodied in a memorandum opinion, still both the findings and conclusions must be specially stated if they are to fulfil their designed purpose. This court has held that the absence of findings of fact may be disregarded by the appellate court if the record is so clear that the court does not need their aid for a complete understanding of the issues. [Citation omitted.] However, in this case the record is not that clear. The assignments of error are directed to the sufficiency of the evidence to sustain the magistrate's decision. It cannot be determined upon what facts the magistrate based his decision.

> .    .    .    .    .

> When the district judge was considering the appeal in this case, explicit findings of fact and separate conclusions of law by the magistrate would have clearly reflected the basis of the magistrate's decision, and then the district court more readily could have determined whether facts sustained the magistrate's decision and whether he had correctly applied the appropriate principles of law. Moreover, with such findings of fact, the district court could have properly determined whether this was such a case as should have been tried de novo before the district court. I.C. § 1–2213. [96 Idaho at 164, 525 P.2d at 359.]

■ While we recognize *Stibor* contains a basic factual distinction not existing in the instant appeal—the sufficiency of the record to sustain an order denying probate of a will—the underlying requirement of specific findings in a contested trial remains the same under I.R.C.P. 52(a). Here the Spencers presented evidence at both the interim report hearing and the final accounting proceeding, either by cross-examination or by direct testimony, concern-

ing their objections to those reports and accountings. As in *Stibor*, it cannot be determined here upon what *facts* the magistrate based his decision to "overrule" the Spencers' objections and to approve the final account and report. Without such specific findings, the district court could not conduct a proper appellate review to determine if the evidence was or was not sufficient to support the magistrate's findings and whether the magistrate thereupon correctly applied appropriate principles of law in concluding that the accounting and report should be approved. We hold that where objections are raised to an accounting and report in the administration of a decedent's estate and a contested hearing is held concerning those objections, the court must, under I.R.C.P. 52(a), make findings of fact and enter conclusions of law in respect to the objections and the account.

The order of the district court affirming the order of the magistrate approving the final accounting and report is reversed and the cause is remanded to the district court with directions to review the record to determine whether trial on the Spencers' objections will be tried de novo in the district court (I.C. § 1–2213(2)), or whether it should be remanded to the magistrate division with directions that findings of fact on all material issues and conclusions of law be then entered with appropriate order. *In re Stibor, supra.*

### Attorney Fees on Appeal

Both parties request attorney fees on appeal. The standard for making an award of attorney fees on appeal is whether the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Where an appeal presents a genuine issue of law, fact or discretion for review, we will not award attorney fees on appeal. *See In re Estate of Irwin*, 104 Idaho 876, 664 P.2d 783 (Ct.App.1983). Here, in the course of reviewing the appeal from the interim accounting in this estate, case no. 13592, we have examined a significant issue of law—whether an order approving an interim accounting is appealable. We decline to award attorney fees on appeal in that case.

We are presented with a similar situation in respect to case no. 14402, the appeal from the final accounting. It has been suggested the bank responded to that appeal unreasonably and without foundation. Clearly, in the face of the absence of findings of fact and conclusions of law, the bank could have confessed error and joined with the Spencers in requesting the trial court to enter its findings and conclusions. Such a course would have avoided the instant appeal and prepared the case for an ultimate determination on its merits. However, we recognize that the bank believed such findings and conclusions were not necessary. Until our holding today it was not settled in Idaho whether findings and conclusions were required in contests raised by objections to accountings in a decedent's estate. We therefore decline to award attorney fees on appeal in that case. Prospectively, however, where an appeal is taken from a decision in which the trial judge has failed to make findings which are required by Rule 52(a)—in any case which has not yet been finally submitted to us for decision on appeal—we will consider awarding attorney fees against the respondent for defending the appeal groundlessly.

Costs to appellants.

BURNETT and SWANSTROM, JJ., concur.