683 P.2d 895

**Swan Falls Land & Cattle Co., INC., an Idaho corporation, for dissolution.**

**Rachel GILLINGHAM, Petitioner-Respondent,**

v.

**SWAN FALLS LAND & CATTLE CO., INC., an Idaho corporation, and Victoria H. Smith, Respondents-Appellants.**

Nos. 14255, 14637.

Court of Appeals of Idaho.

June 26, 1984.

Vernon K. Smith, Jr., Boise, for respondents-appellants.

Stanley W. Welsh, of Clemons, Cosho & Humphrey, Boise, for petitioner-respondent.

WALTERS, Chief Judge.

We are here presented with two appeals from orders entered in a proceeding for liquidation and dissolution of Swan Falls Land & Cattle Co., Inc., hereinafter referred to as Swan Falls. The appeals have been consolidated for review.

First, in case no. 14255, Swan Falls and Victoria Smith challenge the propriety of an order for the liquidation of the assets of Swan Falls. The issues raised on that appeal question whether the district court's findings of fact are supported by the evidence, whether the conclusions of law are correct and whether the order granting liquidation was proper. Both parties request an award of attorney fees on appeal. We hold that the evidence does support the district court's findings. We conclude the court properly exercised its discretion and that ordering liquidation was appropriate. We affirm the district court's order. We decline to award attorney fees on appeal in that case.

On the other appeal, case no. 14637, Mrs. Smith and Swan Falls appeal from an order granting an interim award of attorney fees to the receiver who was subsequently appointed to liquidate the corporation's assets. Again both parties request an award of attorney fees on appeal. We hold that

appeal to be premature and dismiss it, awarding no fees on appeal.

## I. Facts

The following material facts were found by the district court. Swan Falls Land and Cattle Co., Inc., was formed by H.B. Gillingham and V.K. Smith. The sole asset of the corporation is a parcel of undeveloped real property. It has been used by the corporation either as a farm or leased to others for grazing purposes. Following the deaths of Messrs. Smith and Gillingham in 1966, each of their widows, Rachel Gillingham and Victoria Smith, inherited her husband's one-half interest in the corporation. In 1967, they held a formal meeting of the shareholders. At that meeting, they elected themselves and their attorneys to fill the four positions on the Board of Directors. They agreed that the Board of Directors would have the sole and exclusive right to conduct all corporate business; the officers would have no authority to conduct corporate business except by direct authorization of the full Board of Directors. Finally, Mrs. Smith was named President, Mrs. Gillingham was named Vice-President and Mrs. Gillingham's daughter was named Secretary-Treasurer.

No shareholder meetings were held after 1967, although the articles of incorporation and I.C. § 30–1–28 called for annual meetings to elect directors. In 1976 the two attorneys who had been directors were replaced by Mrs. Smith's two sons, Vernon K., Jr. and Joseph. There was no shareholders' or directors' meeting held to accomplish the change of directors. The change was initiated by Mrs. Smith, and Mrs. Gillingham expressed no objection at that time but did not agree to the change.

Since 1967, Mrs. Smith has handled all of the business activities of the corporation. However, it appears from the record that these business activities were limited in nature. In 1970, Mrs. Smith negotiated a ten-year lease of the corporate land. In the decade that followed, she collected the rent, prepared and filed annual corporate statements and tax returns, paid real property taxes and paid expenses incurred in these activities. For these efforts, Mrs. Smith received no compensation. The only source of corporate income has been from leasing the property to ranchers who had cattle operations in the surrounding area. From 1970 to 1980, the income from the ten-year lease amounted to one thousand dollars per year. The evidence showed that this income was just enough to pay the property taxes and the corporation's expenses.

In 1980, Mrs. Gillingham, decided that she wanted to either sell her interest in the corporation or to partition the land and sell her share of it. After negotiations to sell her stock to Mrs. Smith resulted in an impasse, and people who were interested in buying the land declined to buy her corporate stock, she filed a petition for liquidation and dissolution of the corporation.

## II. Case No. 14255 (Liquidation)

Under specific circumstances, the district court is authorized by statute to order liquidation of the assets of a corporation. I.C. § 30–1–97. Following liquidation, the court can enter a decree dissolving the corporation. I.C. § 30–1–102. Here the court concluded Mrs. Gillingham had shown that liquidation of Swan Falls was justified under each of the three subsections of I.C. § 30–1–97(a). That statute provides:

> The district courts shall have full power to liquidate the assets and business of a corporation:
>
> (a) In an action by a shareholder when it is established:
>
> (1) That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or
>
> (2) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or

(3) That the shareholders are deadlocked in voting power, and have failed, for a period which includes at least two (2) consecutive annual meeting dates, to elect successors to directors whose terms have expired or would have expired upon the election of their successors ....

Because each subsection states alternative grounds for liquidation of a corporation, if we conclude that the requirements of any one subsection have been satisfied, then we may affirm the order of the district court granting liquidation. In this light, we believe our analysis can be limited to the application of I.C. § 30–1–97(a)(1) to the circumstances of this case. We therefore voice no opinion as to whether it was appropriate to order liquidation under either subsection (a)(2) or (a)(3).

The language of I.C. § 30–1–97(a)(1) is simple and straight forward. The liquidation of the assets of a corporation is allowed where the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and irreparable injury to the corporation is being suffered or threatened by reason of the deadlock in management.

■ We believe the district court correctly determined that the requirements of I.C. § 30–1–97(a)(1) were met. The court found and concluded:

[T]he directors of the corporation are deadlocked and the shareholders are unable to break the deadlock. As a consequence irreparable injury is threatened. The evidence is clear that the directors are not in agreement as to the management of the corporation. The Smith group wishes to retain the land and lease it. Mrs. Gillingham desires to sell the land. Considering the fact that the present lease returns less than 3% of the value of the property, the desire to sell is not unreasonable. Irreparable injury is threatened by the fact that action cannot

be taken by the corporation except upon the presence of the full membership of the board. By abstinence any director can bar action and paralyse the corporation. It seems clear that a deadlock now exists and will continue to exist.

Although Mrs. Smith contends that no deadlock actually exists,[1] the district court's finding to the contrary is supported by substantial competent evidence. Findings which are supported by substantial competent evidence will not be overturned on appeal. *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

■ To determine that I.C. § 30–1–97(a)(1) empowers the court to liquidate the assets of the corporation does not put an end to the issue. When statutory requirements are met, a court may liquidate the corporate assets but is not compelled to do so. Section 30–1–97 gives the court discretion to grant or deny a petition for liquidation once the requirements are satisfied. *Accord Fox v. 7L Bar Ranch Co.,* 645 P.2d 929 (Mont.1982); *Jackson v. Nicolai-Neppach Co.,* 219 Or. 560, 348 P.2d 9 (1959); *Henry George & Sons, Inc. v. Cooper-George Inc.,* 95 Wash.2d 944, 632 P.2d 512 (1981). That discretion should be exercised in light of the relevant factors which are reflected in the circumstances of the case and the relevant interests which are to be served. In considering whether to dissolve a corporation, the most relevant factor to be considered is the best interests of the shareholders which is reflected to a large degree in the profitability of the corporation. *See Callier v. Callier,* 61 Ill.App.3d 1011, 18 Ill.Dec. 941, 944 n. 1, 378 N.E.2d 405, 408 n. 1 (1978).

■ Here, the court noted that until 1981, the land was leased for one thousand dollars per year. In 1981, the corporate land was leased for three thousand dollars. A witness at trial testified that the proper-

---

**1.** Although not mentioned by the district court, the determination that a deadlock exists is also supported by the articles of incorporation of Swan Falls. Article "Eighth" provides:

[I]n any resolution relative to the sale or mortgage of any of the capital assets of the

corporation, including the real property of said corporation, any such resolution shall require unanimous consent of the Board of Directors and the stockholders."

ty was worth one hundred twenty thousand dollars. The trial court concluded that because the property was being leased for an amount less than 3% of the value of the property Mrs. Gillingham's desire to sell the land was not unreasonable. We hold that the district court did not abuse its discretion in determining that liquidation, in preparation for ultimate dissolution, was in the best interests of the shareholders.

### III. Case No. 14637 (Receiver's Attorney Fees)

Mrs. Smith also challenges an award of attorney fees to the receiver who was appointed to liquidate the corporation. The receiver filed a request for an award of fees on April 22, 1982. The court approved the request in an order dated April 29, 1982. On May 3, 1982, Mrs. Smith filed an objection to the request.

Mrs. Smith questions the propriety of granting the request for fees before the time (10 days) had expired within which she was entitled to object to the request, under I.R.C.P. 54(d)(6). The record before us does not show whether the trial court was asked to reconsider the award in light of this alleged violation of the rule. The record indicates that Mrs. Smith simply filed a notice of appeal from the entry of the order allowing the fees, and brought the issue to us.

■ We decline to rule on the question at this time. We hold that the appeal is premature. The award of fees in question does not appear to be a final award upon completion of all of the activities required of the receiver in this case. Rather, it obviously is only an interim award for part of the activities of the receiver's counsel which will be required. Without certifica-

tion to us by the district court under I.R. C.P. 54(b), the order granting fees will not be reviewed. While Mrs. Smith should voice her objection to any such interim award, or to approvals of any accountings rendered by the receiver, absent certification such interim orders ought to be reviewed only upon an appeal from the final order on dissolution after all activities of the receiver have been rendered. *See e.g. In re Estate of Spencer,* 106 Idaho 316, 678 P.2d 108 (Ct.App.1984). Such a procedure would avoid multiplicity of appeals, on a piecemeal basis, from orders entered every time the trial court grants attorney fees during an ongoing course of legal representation. We therefore dismiss, without prejudice, the appeal in case no. 14637.

### IV. Attorney Fees on Appeal

Finally, Mrs. Smith has requested an award of attorney fees for her appeal from both the order granting liquidation and the order awarding attorney fees to the receiver. Mrs. Gillingham also requests attorney fees for defending both appeals.

■ Attorney fees may be awarded to the prevailing party on appeal in a civil action when the appeal has been "brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1); I.C. § 12–121. We conclude that Mrs. Smith did not pursue her appeal from the order granting liquidation frivolously, unreasonably or without foundation. She raised a question of first impression in construing I.C. § 30–1–97(a)(1). Where an appeal presents a genuine issue of law for review, we will not award attorney fees on appeal under I.C. § 12–121. *In re Estate of Spencer,* 106 Idaho 316, 678 P.2d 108 (Ct.App.1984).[2] Likewise, we will not award Mrs. Gillingham attorney fees on

---

**2.** We note that, in *Spencer,* we stated that "where an appeal presents a genuine issue of law, *fact or discretion* for review, we will not award attorney fees on appeal." [Emphasis added.] 106 Idaho 316, 321, 678 P.2d 108, 113 (Ct.App.1984). On further consideration, we conclude the words "fact or discretion" should not have appeared without qualification. Consistent with other decisions by this Court, an award of attorney fees on appeal will not be

precluded simply because a "genuine issue of fact" has been presented for review. *See T-Craft Aero Club v. Blough,* 102 Idaho 833, 642 P.2d 70 (Ct.App.1982); *Scott v. Castle,* 104 Idaho 719, 662 P.2d 1163 (Ct.App.1983). Similarly, we believe an award should not be precluded simply because a "genuine issue of discretion" has been presented. Rather, the question should be whether an appellant has raised a genuine issue concerning the *abuse* of discretion.

the appeal from the order granting liquidation of the corporation.

Further, until our ruling today, it was not settled whether a party can appeal from an interim award of attorney fees incurred by a receiver in the course of liquidating a corporation. We therefore decline to award fees to either party in the appeal concerning the receiver's attorney fees. Each party shall bear its own costs.

BURNETT and SWANSTROM, JJ., concur.