123 P.3d 716

**Clarence Joseph RAKE, Plaintiff–Appellant,**

v.

**Kathryn D. RAKE, Defendant–Respondent.**

**No. 30756.**

Court of Appeals of Idaho.

Nov. 2, 2005.

Derek A. Pica, Boise, for appellant.

Clark Feeney, Lewiston, for respondent. Charles M. Stroschein argued.

LANSING, Judge.

This appeal is taken from the district court's order dismissing an appeal from a magistrate court order in a child custody and support modification proceeding. The district court determined that an order changing the venue for proceedings on the modification motion could not be appealed before the underlying motion had been decided on the merits. The appellant argues that the venue order was immediately appealable pursuant to Idaho Appellate Rule 11(a)(7) as an order made after final judgment.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

Several years after a magistrate court in Valley County issued a divorce decree dissolving the marriage of Clarence Joseph Rake ("Joe") and Kathryn Neumayer Rake ("Kathryn"), Joe filed a motion in the same court to modify the custody and support order. Kathryn moved for a change of venue to Nez Perce County, where both parties, the children, and most of the witnesses then lived. The magistrate granted the motion on "convenience of the witnesses" grounds under Idaho Rule of Civil Procedure 40(e)(1)(C). Joe immediately appealed the venue order to the district court. Joe contended that although an order for change of venue ordinarily would be interlocutory and not subject to immediate appeal, the order here was issued after a final judgment—the divorce decree—and therefore was appealable under Idaho Appellate Rule 11(a)(7), as an "order made after final judgment." The district court disagreed and dismissed the appeal, holding that Rule 11(a)(7) was not intended to address interlocutory motions made during divorce decree modification proceedings. Joe now appeals from the district court's dismissal order.

## II.

## ANALYSIS

### A. Appealability of an Order Changing Venue in a Divorce Modification Proceeding

■ An appeal from magistrate court may be taken from any of the types of orders,

judgments, or decrees that would be appealable from the district court under Rule 11 of the Idaho Appellate Rules. I.R.C.P. 83(a)(2). Among those appealable orders is any "order made after final judgment," I.A.R. 11(a)(7). It is this provision upon which Joe relies.

■ For Rule 11(a)(7) to apply the order must be one that was issued after a "final judgment." A final judgment is one that ends the suit, adjudicates the subject matter of the controversy, and represents the final determination of the rights of the parties. *Idah–Best, Inc. v. First Sec. Bank of Idaho,* 99 Idaho 517, 519, 584 P.2d 1242, 1244 (1978). In this case, the original divorce decree terminated the marriage, determined the custody of and support for the children, provided a property settlement between the parties, fully adjudicated the issues between the parties, and thus was a final judgment. At first blush then, it may be said that the venue order here came after the final judgment and therefore would be appealable under Rule 11(a)(7).

■ The initial finality of the divorce decree is not dispositive, however, because unlike other judgments, some divorce decree terms may be reopened and modified years after the decree was issued. Idaho Code § 32–709(1) permits post-judgment modifications of spousal maintenance and child support provisions of divorce decrees as follows: "The provisions of any decree respecting maintenance or support may be modified ... upon a showing of a substantial and material change of circumstances." And I.C. § 32–717(1) provides that "[i]n an action for divorce the court may ... after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children." Significantly for this appeal, motions to modify the child custody and support provisions of a divorce decree are treated as original proceedings by mandate of I.R.C.P. 60(c), which states:

A motion to modify child custody or child support orders shall be served and adjudicated in substantially the same manner as

an original proceeding. The motion shall be in a form similar to a complaint, served with a notice directing the opposing party to file a written response within twenty (20) days, or default may be entered, with or without hearing. The judge, in the judge's discretion, may require a hearing. The method of service and return thereon shall be the same as for a summons.

Thus, child custody and support modification motions function like new complaints and require many of the same procedures. In substance, a modification proceeding is a fresh inquiry, often with an evidentiary hearing, into matters that previously were adjudicated during the divorce. The clear directive of Rule 60(c) is that custody and support modifications be treated not as post-judgment orders but as original proceedings. The usual rule for original proceedings is that immediate appeal of pre-judgment decisions is not permitted absent a statutory exception or specific authorization. *See* I.A.R. 11 and 12. Allowing interlocutory appeals within custody and support modifications would treat modification proceedings in a manner different from original proceedings, thus undermining the directive of Rule 60(c).

In addition, construing Rule 11(a)(7) to allow interlocutory appeals during modification proceedings would produce unworkable and unjust results. Interlocutory orders are not immediately appealable for good reason—without this prohibition, a litigant could indefinitely stall the resolution of the action by appealing pre-judgment decisions of the trial court. This would fragment the litigation, substantially impair the efficiency of the courts, and harm the opposing party. As in a truly original proceeding, the trial court on a modification motion often must resolve various procedural and preliminary disputes between the parties before the modification issue can be resolved. Permitting parties to a divorce modification, who may be engaged in a bitter and longstanding feud, to use interlocutory appeals to delay a decision on the modification issue would not only impede the courts and the opposing party, but would also be harmful to children caught in custody and support limbo during the appeals. By requiring that custody and support modification matters be treated as original proceed-

ings, Rule 60(c) prevents such inefficiency and delay.

We therefore ·hold that an order for change of venue issued during a child custody and support modification proceeding is not immediately appealable as an "order made after final judgment" under I.A.R. 11(a)(7).

**B.   Attorney Fees on Appeal**

■    Kathryn asserts that Joe should pay her attorney fees on appeal under two theories. First, she relies upon I.R.C.P. 40(e)(5), which provides that if a party's motion for change of venue is granted, sanctions may be awarded if the court finds that the action was filed in a county of improper venue without good cause. In this case, we have affirmed the dismissal of Joe's appeal and therefore have not addressed the merits of the venue issue. We note, however, that Joe filed his modification motion in the same county where the divorce was granted, and the ground for changing venue was convenience of the witnesses, not improper venue. Accordingly, attorney fees are not warranted under I.R.C.P. 40(e)(5).

■    Kathryn also claims attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1), which authorize an award of attorney fees to the prevailing party on appeal when the appeal has been brought, pursued or defended frivolously, unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Such an award is not appropriate where an appeal presents a genuine issue of law for review. *Gillingham v. Swan Falls Land & Cattle Co.,* 106 Idaho 859, 863, 683 P.2d 895, 899 (Ct.App.1984). This appeal raised genuine issues concerning the application of I.A.R. 11(a)(7) and its interplay with I.R.C.P. 60(c). Therefore, no attorney fees will be granted.

The order of the district court dismissing this appeal is affirmed. Costs to respondent.

Judge GUTIERREZ and Judge Pro Tem WALTERS concur. .