# BELL v. COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 191. Submitted March 10, 1903.—Decided April 6, 1903.

Under section 828, Rev. Stat., and section 2 of the act of August 1, 1888, a corporation engaged in the business of insuring titles to real estate has the right, during office hours, to inspect and examine the indices and cross indices of the judgment records kept by the clerks of the Circuit and District Courts when such inspection and examination relate to current and depending transactions and are made at such times and under such circumstances that they do not interfere with the clerk or his assistant in the discharge of their duties or with the exercise of the right of other persons to have access to such indices and cross indices.

By section 828, Rev. Stat., clerks of the Circuit and District Courts are allowed certain fees for searching records for judgments, decrees, etc., and certifying the results of such searches. In the same section is this provision :

" All books in the offices of the clerks of the Circuit and District Courts, containing the docket or minute of the judgments, or decrees thereof, shall, during office hours, be open to the inspection of any person desiring to examine the same, without any fees or charge therefor."

Section 2 of the act of August 1, 1888, 25 Stat. 357, reads:

" The clerks of the several courts of the United States shall prepare and keep in their respective offices complete and convenient indices and cross indices of the judgment records of said courts, and such indices and records shall at all times be open to the inspection and examination of the public."

On December 28, 1896, the Commonwealth Title Insurance and Trust Company commenced a suit in the Circuit Court of the United States for the Eastern District of Pennsylvania against Samuel Bell, clerk of that court. The company is engaged in the business of insuring titles to real estate, making

searches for liens and incumbrances upon the same, and issuing certificates in respect thereto, and sought a decree giving to it access to the judgment indices and cross indices kept by the clerk. The case proceeded to a decree as follows :

"And now this sixteenth day of January, 1901, this case having come on to be heard upon pleadings and proofs, and having been argued by counsel, it is ordered, decreed and adjudged that the respondent shall permit the properly authorized representatives of the complainant to inspect and examine the judgment indices and cross indices kept by the respondent, as clerk of the Circuit Court of the United States for the Eastern District of Pennsylvania, in such way and manner as will enable the complainant to prosecute its business as insurer of titles, but subject to the following restrictions :

"The inspection and examination must in each instance relate and be confined to a transaction or transactions which at the time being shall be current or depending ; and such inspection and examination shall be made only at such times and under such circumstances as will not interfere with the respondent or his assistants in the discharge of their duties or with the exercise of the right of other persons to have access to said indices and cross indices."

This decree was affirmed on September 27, 1901, by the Circuit Court of Appeals. 110 Fed. Rep. 828. On December 2 of the same year the case was brought here on certiorari. 183 U. S. 699.

*Mr. Solicitor General Richards* and *Mr. Assistant Attorney General Beck* for petitioner.

*Mr. John G. Johnson* for respondent.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The question presented is to what extent a company engaged in the business of examining titles and certifying thereto may have access to and use the indices and cross indices of the

judgment records prepared by the clerks of United States courts. The statute declares that they " shall at all times be open to the inspection and examination of the public." This company as one of the public has a right to this inspection and examination. It has no monopoly therein and cannot interfere with the clerk or his assistants in the discharge of their duties, or with the equal rights of other persons to such inspection and examination. But this limitation is expressly provided for by the second of the two restrictions imposed in the decree. Under this decree the clerk, as custodian, can make such reasonable regulations as will secure to him and his assistants full use of all the books and records of his office—which, of course, is a primary matter to be considered—and also will guard against any tampering with or injury to those books and records, and at the same time give to the plaintiff and others access to the indices. From the testimony it is clear that there can be no difficulty on the score of time or otherwise in affording to this company and all others interested every proper facility for inspection and examination. Indeed, it is not contended that there is any trouble in that direction.

But the contention is that the office of clerk is not a salaried office; that he is paid by fees; that the fees for searches and certificates thereof have amounted to a very considerable sum, and in this office have resulted in a surplus above the maximum of compensation allowed by law to the clerk, which has gone into the Treasury of the United States, whereas if this plaintiff and other like companies situated in Philadelphia, which are monopolizing the business of examinations of title, should be permitted to make their own inspection and examination of these indices, a large part of the fees hitherto received by the clerk will be lost, his maximum of compensation will not be reached, and there will be no surplus to be paid into the Treasury of the United States. It is insisted that although by the terms of section 828 the judgment records are open to the inspection of any person without any fee or charge therefor, Congress, in directing the preparation of the indices and cross indices and that they should be open to the inspection and examination of the public, did not add thereto " without any

fee or charge therefor," and thus manifested its intent that they should not be so used as to interfere with the fees theretofore received by the clerk. We cannot so interpret the statute. If these indices were intended merely for the convenience of the clerk and to facilitate his work, the making of them would undoubtedly have been left to his discretion. The convenience of the public and assistance to those interested in the judgments were obviously in the thought of Congress, for it declared that they should be open to the inspection and examination of the public.

Very likely, at the time of the passage of the act, the monopolizing of the business of examining titles by one or two corporations was not contemplated. The work was scattered among the separate members of the bar, each one for his own client examining the title to property in which such client was interested. But if Congress provided and intended to provide that one, interested in the title to real estate and desiring an examination of judgment liens thereon, should, either by himself or agent, have access to these indices, that intent and that provision are not changed by the fact that the business has passed from the many to a few. The same right of inspection exists whether one is examining only the title to a single piece of real estate or the titles to a hundred. The inspection is an assistance to the examination of titles, and obviously Congress intended that these indices should be open to the inspection of those rightfully making such examinations.

Whether parties have a right to make copies in full of these indices is not a question before us, for the decree carefully limits the right of inspection to a transaction or transactions at the time current or depending. So that all that this plaintiff is allowed by this decree is an inspection and examination of these indices, so far as may be necessary to assist in the examination of a title for which it is then employed.

We see no error in the decree, and it is

*Affirmed.*