788 P.2d 1336

**ADAMS COUNTY ABSTRACT CO., an Idaho corporation, Plaintiff-Appellant,**

v.

**Michael FISK, Clerk & Ex–Officio Auditor and Recorder, Defendant–Respondent.**

No. 17515.

Court of Appeals of Idaho.

March 28, 1990.

Rehearing Denied March 28, 1990.

William H. Foster, Grangeville, for plaintiff-appellant.

Charles Robert Kroll, Weiser, for defendant-respondent.

Roger B. Madsen, Boise, for amicus curiae, Idaho Ass'n of Counties.

## SUBSTITUTE OPINION

The Court's prior opinion, dated September 6, 1989, is hereby withdrawn.

BURNETT, Judge.

This litigation arises from a dispute between a title company and a county recorder. The issues on appeal are (a) whether the county recorder can demand a stamped, self-addressed envelope for returning a recorded document to the proper party; and (b) whether the title company has a right, over the county recorder's objection, to make photocopies of original documents in the recorder's office with the company's own copying equipment. Our answer to both questions is "no".

### I

The essential facts may be recited briefly. The Adams County Recorder, Michael Fisk, is a public officer charged with the duty to keep records of property ownership and transfer within the county. *See* I.C. §§ 31–2401 et seq. In 1970, as allowed by statute, the recorder's office adopted a microfilm system for recording official documents. Since that time, the microfilm has become the official document. The original document, after microfilming, is returned to the proper party.

Among the persons and entities served by the county recorder is the Adams County Abstract Company. As part of its business, the company issues policies of title insurance. The company maintains its data base by continually monitoring records kept in the Adams County Courthouse. For many years, the company has paid the recorder to make a duplicate microfilm card of every document as it was recorded. From 1983 to 1987, however, the price charged by the recorder more than doubled. In response, the company asked the recorder for permission to bring its own copying equipment into the courthouse and to make its own copies. The recorder rejected this request, citing possible disruption of record-keeping functions and a need to protect the integrity of original documents.

The title company and the recorder also disputed the proper method of returning documents after they had been recorded. The recorder had a general policy of returning each document to the person who presented it for recording. When a document was presented by the title company, the recorder usually relied on the company to pick up the recorded document and forward it to the proper party. The company asked the recorder to change his policy by mailing the documents, on request, directly to the company's clients. The recorder rejected this request, asserting a danger of misdirection and a possibility of misunderstanding when property buyers or sellers, rather than title companies, presented documents for recording.

The company filed this action for a writ of mandate, compelling the recorder to permit the company to copy original documents with its own equipment at the courthouse. The company also sought to compel the recorder to mail recorded documents, when so requested, directly to the

company's clients. The district judge issued a writ commanding the recorder to deliver the original documents to the clients, but allowing the recorder to require the title company to provide stamped, self-addressed envelopes in such instances. As to the copying of records in the courthouse, no writ was issued. The trial court concluded that the recorder had statutory authority to control the means of copying public records under his keeping, and could not be compelled to allow photocopying by the company with equipment brought into the courthouse. The company appealed.

## II

Before addressing these issues, we note our standard of review. Appellate judges defer to findings of fact based upon substantial evidence, but we review freely the conclusions of law reached by enunciating legal principles and applying them to the facts found. *Staggie v. Idaho Falls Consolidated Hospitals*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). Mandamus will lie only if the officer against whom the writ is sought has a clear legal duty to perform the desired act, and if the act sought to be compelled is ministerial or executive in nature. *Utah Power & Light Co. v. Campbell*, 108 Idaho 950, 953, 703 P.2d 714, 716 (1985). A district court has the power, through the writ of mandate, to compel a county official's performance of an act which the law enumerates as a duty of office. I.C. § 7–302.

## A

With these standards in mind, we first examine the recorder's duty to return documents after they have been recorded. In 1987, when this action was filed, I.C. § 31–2411 provided that a recorder, upon recording a document, "must thereafter deliver it upon request to the party leaving the same for record, *or to his order."* (Emphasis added.) Here the recorder asserted that his duty was merely to return the document to the title company—i.e., the party who presented the document for recording. In contrast, the title company argued that under this statute the recorder

was required, upon request, to mail the document to whomever the company designated. The company also contended that it could not be required to furnish a stamped, addressed envelope when it made such a designation.

The issue of whether a recorded document must be mailed to a designated third party has been rendered moot by a recent enactment of the Legislature. Idaho Code § 31–2411 was revised by S.B. 1035, enacted as Ch. 90 of the 1989 Session Laws, effective on May 28, 1989. The revised statute now provides that the recorder simply must deliver the recorded document "to the party leaving the same for record." I.C. § 31–2411. As a practical matter, therefore, we have no occasion today to decide whether county recorders must deliver documents on request to persons other than those who leave them for recording. Indeed, the writ of mandate issued in this case is subject to prospective modification based on the 1989 statutory amendment.

A viable issue remains, however, regarding who must bear the expense of the recorder's delivery, even if the document is simply returned to the party presenting it. The statutory phrase "must ... deliver" plainly denotes an affirmative duty to place the document in the proper hands. The statute does not allow a recorder passively to hold the document for "pick up," as the recorder in this case apparently would prefer. Of course, mailing is an economic burden to the recorder, but he is entitled to collect $3.00 per recorded page as a recording fee. I.C. § 31–3205 (1987 amendment). We think this charge covers the cost of delivery. A recorder would exceed his or her statutory authority by demanding, in addition to the recording fee, an addressed envelope with prepaid postage in order to return the document. *Cf. Lincoln County v. Twin Falls North Side Land & Water Co.*, 23 Idaho 433, 130 P. 788 (1913) (recorder has no authority to alter charges prescribed by statute). We conclude, therefore, that the recorder must mail the recorded document, if requested, to the party who left it for recording, without indirectly

imposing an additional charge by demanding a stamped, self-addressed envelope. We direct the district court on remand to modify the outstanding writ of mandate accordingly.

### B

■ We now turn to the question whether the recorder must allow the company to use its own equipment for mechanical copying of original documents in the recorder's possession. We begin by noting that the company, as a member of the public, has a right to inspect, free of charge, records maintained at the recorder's office. I.C. § 31–2419. The company also has the right to "take a copy" of any public writing. I.C. § 9–301. The recorder has a corresponding power to charge a fee for providing the copy. I.C. § 31–3205. Nonetheless, the title company asserts in this case that its right of inspection under I.C. §§ 9–301 and 31–2419 embraces an implied right to make photocopies with its own equipment in the courthouse. We are not convinced.

As a corollary of his duty to keep records, the recorder has a duty of recording documents properly. The recorder may be liable for neglect in performing any of his duties. I.C. §§ 31–2415, 31–2417. In construing a similar statutory scheme allowing for inspection of public documents, the United States Supreme Court held that "[the] custodian can make such reasonable regulations as will secure to him and his assistants full use ... of the records ... and also will guard against any tampering with or injury to those records and at the same time give ... access to the [records]." *Bell v. Commonwealth Title Ins. Co.*, 189 U.S. 131, 133, 23 S.Ct. 569, 570, 47 L.Ed. 741 (1903). Similarly, the California Supreme Court has held that statutes permitting inspection of public records are "by their very nature not absolute but are subject to an implied rule of reason." *Bruce v. Gregory*, 65 Cal.2d 666, 56 Cal.Rptr. 265, 270, 423 P.2d 193, 199 (1967). Thus, the Court stated, the statutes should be construed to "enable the custodian of public records to formulate regulations necessary to protect the safety of the records against theft, mutilation or accidental damage, to prevent inspection from interfering with the orderly function of his office and employees and generally to avoid chaos in the record archives." *Id.* We agree.

Here, the title company evidently has sought to install its own mechanical copying equipment, operated by its own employees, in the Adams County courthouse for the purpose of regularly photocopying original documents. Although we are sympathetic to the company's desire to avoid increases in fees charged by the recorder, that desire does not outweigh the recorder's duty to protect the safety of documents entrusted to his care, nor does it diminish the recorder's power to control the orderly function of his office. The recorder cannot be compelled to allow private photocopying of public records in the courthouse.

■ The company also asserts that it has a right to photocopy any original documents, even before they are microfilmed by the recorder, because the documents become "public records" as soon as they are filed at the recorder's office. Citing Idaho's constructive notice statute, I.C. § 55–811, the company argues that if the documents are deemed "filed" upon receipt at the recorder's office, the company cannot be denied access to them. However, the issue here is not access to information contained in documents; it is safeguarding of the documents themselves. Even if the public is entitled to know the contents of a document when it has been "filed," this entitlement does not necessarily extend to physical handling of the document. To allow physical handling of an original document before it becomes an official record upon microfilming would carry a potential for abuse. If the document were altered or damaged, the public record would be affected. Moreover, private rights or obligations could be put in doubt if an original document were altered or damaged after it was microfilmed but before it was returned to the proper party.

We have no doubt, of course, that the title company in this case would make ev-

ery effort to avoid compromising the integrity of any document. But we cannot prescribe one rule for title companies and another for the general public. We conclude that the recorder reasonably may restrict the physical handling of original documents at all times when they are in his custody, and he may direct that any mechanical copying of original documents be done on the recorder's own equipment.

In summary, we affirm the judgment of the district court insofar as it denies a writ compelling the recorder to allow photocopying of documents with private equipment in the courthouse. We also let stand that part of the judgment which directs issuance of a writ compelling the recorder to mail recorded original documents to the parties requesting delivery, subject to possible modification in light of the 1989 amendment to I.C. § 31–2411. In any event, we direct that the writ be modified to delete language allowing the recorder to demand a self-addressed, stamped envelope for such delivery.

The case is remanded for further proceedings consistent with this opinion. Because this appeal has presented genuine issues of law for review, and has produced a mixed result, we decline to award costs or to award attorney fees under I.C. § 12–121. *Gillingham v. Swan Falls Land & Cattle Co.*, 106 Idaho 859, 683 P.2d 895 (Ct.App.1984).

WALTERS, C.J., and BENGTSON, J. Pro Tem., concur.