ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 22, 2012

The Honorable Lucinda A. Vickers                    Opinion No. GA-0915
Atascosa County Attorney
#1 Courthouse Circle Drive #3-B                     Re: Whether a county clerk must allow the public
Jourdanton, Texas 78026                             to copy records with a sheet-feed scanner
                                                     (RQ-0916-GA)

Dear Ms. Vickers:

     A member of the public wants to use a sheet-feed scanner to copy records maintained by the Atascosa County Clerk (the "Clerk").[1] You state that using such a scanner would violate the Clerk's rule that allows the use of handheld scanners. Request Letter at 1–2. You also suggest that a sheet-feed scanner would require too much of the Clerk's office space and personnel. *Id.* at 2; *see also id.* at Exhibit 2-a (containing the Clerk's rule that provides, "limit use of records, equipment, or space").[2] You ask whether the Clerk must allow the use of a sheet-feed scanner and whether the Clerk's rules regarding access to and copying of records are reasonable. Request Letter at 1. Because no legal authority specifically addresses the issues your questions raise, we cannot directly answer your questions. We will, however, discuss the laws a court would likely review in determining the validity of a rule and identify rules that a Texas court has determined to be valid.

     Section 191.006 of the Local Government Code provides, "All records belonging to the office of the county clerk to which access is not otherwise restricted by law or by court order shall be open to the public at all reasonable times. A member of the public may make a copy of any of the records." TEX. LOC. GOV'T CODE ANN. § 191.006 (West 2008). Similarly, section 118.024 provides, "A person is entitled to read, examine, and copy [records in a county clerk's office] . . . under the reasonable rules of the county clerk at all reasonable times during the hours in which the clerk's office is open to the public." *Id.* § 118.024. Texas courts have construed this section and its predecessor as confirming that a county clerk may impose reasonable regulations on the public's right to copy a clerk's records. *Permian Report v. Lacy*, 817 S.W.2d 175, 177–78 (Tex. App.—El Paso 1991, writ denied). *See also Tobin v. Knaggs*, 107 S.W.2d 677, 680 (Tex. Civ. App.—San

    [1]*See* Letter from Honorable Lucinda A. Vickers, Atascosa Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 & Exhibit 1 (Sept. 9, 2010), http://www.texasattorneygeneral.gov/opin ("Request Letter").

    [2]The person who wants to use a sheet-feed scanner disputes this. *See* Letter from Keith Houseman to Honorable Greg Abbott, Tex. Att'y Gen. (Sept. 26, 2010) (on file with the Op. Comm.) ("Houseman Letter").

Antonio, 1937, writ ref'd) (interpreting Texas Revised Civil Statute article 1945, the predecessor statute of section 191.006, and noting that county clerks may not deny anyone who agrees "to observe all reasonable rules and regulations imposed in good faith" by the clerk the right to copy the clerk's records).

Texas courts have also identified a common-law right to inspect public records that includes a right to make copies. *E.g., Palacios v. Corbett*, 172 S.W. 777, 781–83 (Tex. Civ. App.—San Antonio 1915, writ ref'd); Tex Att'y Gen. Op. No. V-681(1948) at 3–5 ; Tex. Att'y Gen ORD-204 (1978); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). This right generally informs the construction of statutory enactments that confer a right to inspect and copy public records. *Palacios*, 172 S.W. at 782; *Tobin*, 107 S.W.2d at 680; *see also* TEX. GOV'T CODE ANN. § 311.023(4) (West 2005) (directing court to consider common law on same subject when construing legislation); Tex Att'y Gen. ORD-521 (1989) at 3. While courts outside of Texas have described the common law as creating a presumption favoring those seeking to inspect and copy, and those courts have often upheld clerks' rules only to the extent they are shown to be necessary to avoid destruction to the records or disruption of the office's function,[3] Texas courts have not attempted a definitive exposition of the common-law right of access in connection with Texas statutes. *See Tobin*, 107 S.W.2d at 680. Accordingly, we will confine our analysis to Texas statutes and the cases applying them.

The court in *Permian Report* examined a county clerk's rules regarding public access to the clerk's records and determined that some of the rules were valid and that others were invalid. *Permian Report*, 817 S.W.2d at 176–78. The invalid rules purported to allow the clerk to do things that the Local Government Code did not authorize or prescribe, such as requiring the public to post a bond or cash deposit before copying the clerk's records. *Id.* at 177–78 & App. One of the valid rules required the clerk to "determine . . . a reasonable space necessary to conduct the copying of the records" and restricted copying to the space specified by the clerk. *Id.* at 178 & App. Another valid rule provided that, "[b]ecause of the extensive variations in reproduction equipment and the duplication techniques employed, it may become necessary for the Clerk to impose such reasonable and necessary rules to be applied based upon the particular equipment or technique described in the application." *Id.*

While *Permian Report* prescribes a general framework for analyzing the reasonableness of a clerk's rules, we have not found any other legal authority addressing the validity of rules like the Atascosa County Clerk's rules. *Cf.* Tex. Att'y Gen. Op. No. GA-0400 (2006) (analyzing an analogous situation and stating that the result applies only to the office of the San Patricio County Clerk) . To determine whether the Clerk's rules requiring the use of a handheld scanner and limiting the use of space are reasonable, a court would likely have to answer disputed fact questions such as how much of the Clerk's office space is available and how much space the Clerk and the public need. *See* Request Letter at 1–2 (discussing how much office space is available); Houseman Letter

---

[3]*E.g., Nixon,* 435 U.S. at 603; *Bell v. Commonwealth Title Ins. & Trust Co.,* 189 U.S. 131, 132–34 (1903); *Bruce v. Gregory,* 423 P.2d 194, 197–98 (Cal. 1967) (surveying decisions of other state Supreme Courts).

at 1–2 (discussing how much office space is available and how much space the sheet-feed scanner would need). Because we cannot answer such questions, we cannot determine whether the Clerk's interpretation of its rules is reasonable. *See* Tex. Att'y Gen. Op. No. GA-0459 (2006) at 3–4, 5 (noting that attorney general opinions cannot resolve disputed fact questions). Therefore, we cannot predict whether a court would find the Clerk's rules valid. Because we cannot conclude that the Clerk's rule regarding use only of handheld scanners is valid, we cannot determine whether the Clerk must allow the use of a sheet-feed scanner.

## S U M M A R Y

Under Texas law, the public has a right to access and copy records maintained by county clerks. Texas courts have held that this right is subject to a county clerk's reasonable rules and regulations. A county clerk's rules regarding the public's access to and copying of records would be valid if the rules did not go beyond the statutes providing for access to and copying of records.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee